THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUDITH A. SCHULTZ, Defendant-Appellant.

(No. 57528;

First District (3rd Division)—March 1, 1973.

Meyer M. Gilbert and Frederick F. Cohn, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (William D. Wolter, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

In a non-jury trial, Judith Schultz was found guilty of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501) and final $100. The only issue on appeal is whether the evidence established her guilt beyond a reasonable doubt.

Miss Schultz, a nurse, finished her day's work at the nursing home where she was employed at 11:00 P.M. She drove two fellow-employees to a bus stop, dropped them off about 11:10 and continued on her way home. At 11:25 she was arrested for drunken driving.

The arresting officer testified that at approximately 11:15 P.M. he was informed of a traffic accident in the 3900 block of Lawrence Avenue, Chicago. He arrived at the scene about 11:25 and observed Miss Schultz sitting in her auto. He noticed a laceration on her left leg and a moderate odor of alcohol on her breath. He asked, "Have you been drinking?" and she answered, "Yes." She said she had started to drink at 11:00 P.M. and had stopped at 11:30. He asked her how the accident happened and she replied that she lost control of her auto and hit a parked car. However, when called in rebuttal, the officer said that she had replied she was driving on the wrong side of the street and hit a car head-on.

The officer testified that she was dressed in a nurse's uniform and that her clothing was orderly, her attitude cooperative and her behavior

normal. He said, however, that her face was pale, her eyes were bloodshot, her speech was slurred and that she needed assistance in walking because she staggered and swayed. She declined medical aid and accompanied him to a police station in his car.

At the station she said she had not been injured but she complained of being ill. She was subjected to the usual tests for sobriety and, according to the officer, she failed all of them. He testified that, in his opinion, she was under the influence of intoxicating liquor.

Miss Schultz testified that the two girls got out of her auto near Peterson and Caldwell Avenues, an area with which she was not familiar. She got lost on the way to her home, observed a car with very bright lights coming on the wrong side of the road and "after that I don't know what happened." She vaguely remembered getting into a police car but did not remember talking to an officer, or anything else until she arrived home. She denied drinking any intoxicating beverage while at work or prior to the accident. She had worked at the nursing home from 2:30 P.M. until 11:00 P.M. During this period she had treated and bathed bedridden patients from 10 to 15 times and after she finished with each one she washed her hands with alcohol. About 5 minutes before leaving work she vigorously washed her arms and hands, from shoulders to fingertips, with alcohol. Besides the laceration on her left leg, the left side of her head was injured and her right ankle was sprained. The following day x-rays were taken of her skull and right leg and medicine was prescribed. Her testimony was corroborated by her time card at the nursing home and by one of the employees whom she drove to the bus stop. This girl washed up with her just prior to leaving. She stated that she did not see Miss Schultz drink any alcoholic beverage during her hours of employment, that her driving was normal and that she was not under the influence of liquor when they left each other.

The defendant's roommate, who had been called to the police station, arrived there about 12:30 A.M. She said she found her friend dazed, confused and disoriented. She complained of headache and pain in her right leg. There was no odor of alcohol on her breath, the only noticeable odor about her person was medicinal. She observed swelling on her roommate's right leg and she limped for several days.

The officer who arrested the defendant was on the police force for 4 years and his experiences included the observation of 50 persons under the influence of liquor. Nevertheless, his opinion as to her sobriety, and his unsupported testimony, are insufficient to overcome the doubts raised by the facts and circumstances in evidence and by the corroborated testimony of the defendant. The odor which the officer noticed was explained by the defendant having washed herself with alcohol. Her re-

sponse to his question: "Have you been drinking?" ("Yes, 11:00 to 11:30") was, according to the officer's own testimony, factually impossible. He heard of the accident about 11:15 and arrested her at 11:25. Her response might be explained only if, in her dazed condition, she understood the question to have been, "Have you been driving?" Her statement that she had not been injured was obviously inaccurate. Her left leg was cut, her right ankle was sprained, her head was hurt and at the station she complained of illness. Her swaying and staggering could have resulted from her loss of consciousness and her head and leg injuries. There was no evidence, independent of the policeman's testimony, that she had anything to drink; minutes before the accident she had driven her car normally and had given no indication of intoxication. Her clothing was neat and her demeanor before and after her arrest was polite and cooperative.

The defendant's guilt was not proven beyond a reasonable doubt and her conviction will be reversed.

Judgment reversed.

McNAMARA and McGLOON, JJ., concur.